UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Cox, | ) C/A No. 4:12-3098-TLW-TER |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a detainee at the J. Reuben Long Detention Center, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the case be dismissed without prejudice and without issuance and service of process.

Factual and Procedural Background

The complaint alleges that Plaintiff was arrested in Horry County on December 12, 2008, and "received [a] warrant for Burglary 1st degree." ECF No. 1, page 3. After sixteen months of detention at the J. Reubon Long Detention Center ("JRLDC"), Plaintiff was convicted of "3rd degree Burglary" and sentenced to five years of imprisonment, suspended upon time served.[1] *Id.* The

---

[1] The complaint does not state why Plaintiff is currently detained. However, online records for Horry County reflect the arrest of Dwayne Cox on August 19, 2012 for criminal domestic violence. *See* http://www.horrycounty.org/SCJDWEB/publicindex/PISearch.aspx?CourtType=G (last visited November 13, 2012). A court may take judicial notice of factual information located in postings on government websites. *See Myers v. Kaufmann,* C/A No. 2:10-2081-RMG-RSC, 2010 WL 4338097 at *2 n.2 (D.S.C. Sept. 16, 2010); *Williams v. Long*, 585 F. Supp. 2d 679, 685–89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

victim of the burglary crime "passed away in 2009 and the Clerk of Court" has informed Plaintiff that there is "no expungement in [his] file nor on record." *Id.* Thus, Plaintiff claims that he has been falsely accused of the charge and "would like to be awarded for the Burglary." *Id.* Plaintiff alleges that he was unable to return to his job after the "false imprisonment" and "can't walk in [his] neighborhood any longer" because police harass and arrest him for trespassing. *Id.* at 4. Plaintiff wants the State of South Carolina to "help with finding employment" and pay monetary damages. *Id.*

Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d

70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, defendant South Carolina is protected from suit under § 1983 by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63

(1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] Because South Carolina is entitled to Eleventh Amendment immunity from Plaintiff's claims, the case should be summarily dismissed.

However, the present case would be subject to summary dismissal even if Plaintiff had named a defendant amenable to suit under § 1983. First, to state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)("a claim for false arrest may be considered only when no arrest warrant has been obtained"). The complaint in this case indicates that Plaintiff received "warrant # 1216514" for the 2008 burglary charge, which allegedly resulted in Plaintiff's false arrest and imprisonment. ECF No. 1, page 3. Because Plaintiff was arrested pursuant to a warrant, his allegations of false arrest are subject to summary dismissal.

Next, Plaintiff seeks monetary damages for an alleged false arrest, which resulted in Plaintiff's conviction and sentencing in state court. *Id.* In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the State of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

been previously invalidated. Plaintiff provides no facts to demonstrate that the burglary charge at issue has been successfully challenged in state court. Because *Heck's* favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 false arrest claim is subject to summary dismissal.[3]

## Conclusion

Accordingly, it is recommended that the case be dismissed *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

                                                    s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
                                                    United States Magistrate Judge

November 16, 2012
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] It is noted that the rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384 (2007).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).